STEPHANIE M. HINDS (CABN 154284)
Acting United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

SAILAJA M. PAIDIPATY (NYBN 5160007)
Assistant United States Attorneys

   450 Golden Gate Avenue, 11th Floor
   San Francisco, California 94102-3495
   Telephone: (415) 436-7200
   FAX: (415) 436-7234
   sailaja.paidipaty@usdoj.gov

Attorneys for United States of America

**FILED**

Nov 03 2021

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO.:   3:21-mj-71624-01 MAG |
| Plaintiff, | [PROPOSED] ORDER DETAINING DEFENDANT PRIOR TO TRIAL |
| v. | |
| FERNANDO VIERA,<br>   a/k/a "Oscar F Viera"<br>   a/k/a "Oscar Fernando Viera Rodriguez,"<br>   a/k/a "Tata," | |
| Defendant. | |

On October 25, 2021, this Court held a hearing on the government's motion to detain Defendant Fernando Viera pretrial. For the reasons stated on the record and summarized below, the Court orders Viera detained.

Viera is charged in a Criminal Complaint with one count of conspiring to distribute controlled substances, in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(C). The defendant made an initial appearance on October 15, 2021, at which time the government moved for detention.

Having reviewed the criminal Complaint, the bail report prepared by U.S. Pretrial Services, and having heard arguments from both parties on October 25, 2021, the Court finds that the government has established by a preponderance of the evidence that Viera is a flight risk. The defendant is Honduran

and has lived in Honduras most of his life. His parents remain there and he has daily contact with them. He also maintains daily contact with three sisters there. Given the potential incarceration time he may face if convicted, he has an incentive to flee and a place to go. There is not much keeping him here; he has an unstable living situation in this district, as well as an unstable employment situation. The Court appreciates his significant other's willingness to be a co-signer and custodian, but she is not a financially viable surety, and the Court does not think she can exercise moral suasion over the defendant. The Court is also concerned that the defendant did not provide Pretrial Services any U.S. address he has ever lived at, which suggests he was not forthcoming in the bail interview.

Accordingly, the Court determines that there is no condition or combination of conditions of release that can reasonably assure the defendant's appearance as required. Accordingly, pursuant to 18 U.S.C. § 3142(i), IT IS HEREBY ORDERED THAT:

(1) Defendant is committed to the custody of the Attorney General for confinement in a corrections facility;

(2) Defendant be afforded reasonable opportunity for private consultation with his counsel; and

(3) on order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which defendant is confined shall deliver defendant to an authorized Deputy United States Marshal for the purpose of any appearance in connection with a court proceeding.

**IT IS SO ORDERED.**

November 3, 2021

_____
HON. THOMAS S. HIXSON
United States Magistrate Judge